# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 1, 2015

VIA ECF

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

Re:   **United States v. Ashe, et al**
      **Docket No. 15 Cr. 706 (VSB)**

Dear Judge Broderick:

Counsel for all the defendants write regarding Your Honor's November 30, 2015 Order. For the reasons below, (i) the government's December 7, 2015 letter ("12/7/15 Letter") should be shared *in camera* with defense counsel, so that counsel can provide the Court with their input regarding whether the Classified Information Procedures Act ("CIPA") properly applies to the documents at issue; and (ii) the Court should instruct the government to start the process for security clearance now, so counsel is able to review the 12/7/15 Letter and any supposed classified discovery without unnecessary delay.

CIPA provides that there "may" be *ex parte* proceedings (18 U.S.C. App. 3 § 4), but makes them neither presumptive nor favored. Indeed, they are disfavored, with the House Judiciary Committee specifically instructing courts that "*ex parte* proceedings are disfavored and not to be encouraged" (Rule 16, Fed.R.Crim.P., Advisory Committee Notes), an instruction that applies directly to CIPA.[1]   There can be no *ex parte* proceedings unless and until the government shows

---

[1] *See also generally United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 55 (1993) ("Fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights . . . . No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it."); *Guenther v. Commissioner of Internal Revenue Service*, 889 F.2d 882, 884 (9th Cir. 1989) (observing that, by their very nature, secret and one-sided *ex parte* proceedings are "anathema in our system of justice"), *appeal after remand*, 939 F.2d 758 (9th Cir. 1991); *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683 (6th Cir. 2002) (cautioning that "[d]emocracies die behind closed doors.").

The Honorable Vernon S. Broderick                    December 1, 2015
United States District Judge                         Page 2

      Re:    **United States v. Ashe, et al**
              **Docket No. 15 Cr. 706 (VSB)**

(i) disclosure of the 12/7/15 Letter to defense counsel will threaten national security; and (ii) defendants will not be prejudiced by their counsel's exclusion from the CIPA process. *See, e.g.,* CIPA, 18 U.S.C. App. 3 § 4; S. Rep. No. 96-823, at 9 (1980) ("the defendant should not stand in a worse position, because of the fact that classified information is involved, than he would without [CIPA]."). Neither part of this heavy burden has been met here.

      This is not a terrorism case. No "national security" or "confidential information" issue appears on the face of the instant complaint and charges, and no such issue should be presumed by the government or the Court. Indeed, the presumption should be otherwise – that neither CIPA nor *ex parte* proceedings are appropriate here.

      Similarly, the Court should reject the government's implicit assumption that allowing defense counsel *in camera* access to the 12/7/15 Letter somehow raises national security or other similar concerns. Sharing the 12/7/15 Letter with defense counsel will <u>not</u> result in the unauthorized disclosure of classified information.[2] To the contrary, once cleared, defense counsel will have passed the same background checks and security vetting as the prosecution.[3] The Second Circuit recognizes that allowing defense counsel who "obtain[ed] a security clearance" access to alleged national security material "is consistent with CIPA's imposition on the district courts of a mandatory duty to prevent the unauthorized disclosure of classified information." *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 122 (2d Cir. 2008) (holding defendant's due process rights properly protected, despite his exclusion from all CIPA proceedings, because his cleared counsel were permitted to attend those proceedings and participate on his behalf). The Government has proffered no reason why anything more is needed here to protect national security. Nor have they articulated any reason why the clearance vetting process should not begin now, to prevent any unnecessary or potentially prejudicial delay, and allow defense counsel to provide their views to the Court as soon as possible.

      Defendants will be worse off if defense counsel are prevented from reviewing and assisting the Court in evaluating the subject material by providing input on behalf of their clients. By its very nature, the Court is no substitute for defense counsel. *See, e.g., Dennis v. United States*, 384 U.S. 855, 875 (1966) ("In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by

---

[2] If the Court believed it necessary, defense counsel also could be bound by specific confidentiality orders to further protect any supposed national security concerns, without impairing defendants' due process and adversarial rights.

[3] Counsel for Jeff Yin has security clearance but remaining counsel need to go through the vetting process which can take up to 3 months. The government has declined to process remaining defense counsel for security clearance as they believe that there will be no need for the production of classified discovery to defense counsel.

The Honorable Vernon S. Broderick                    December 1, 2015
United States District Judge                          Page 3

     Re:    **United States v. Ashe, et al**
              **Docket No. 15 Cr. 706 (VSB)**

an advocate."); *Alderman v. United States*, 394 U.S. 165, 182 (1969) (same); *United States v. Abu Marzook*, 412 F.Supp. 2d 913, 921 (N.D. Ill. 2006) (recognizing that a court's solitary review of purportedly classified material is insufficient because "[w]ithout the illumination provided by adversarial challenge and with no expertness in the field of national security, the court has no basis on which to test the accuracy of the government's claims").  It is defense counsel that should be advocating to the Court whether, and to what extent, CIPA properly applies here.  Defendants will be materially prejudiced if their counsel are excluded from the 12/7/2015 Letter and the process set forth in the Court's November 30, 2015 Order.

       All defendants seek is to have their defense counsel cleared and allowed to participate and advocate on their behalf, as is expected in our adversarial system of justice where counsel advocate and judges judge.  There is no reason and the government has offered none, why an exception should be made here, and disfavored *ex parte* proceedings imposed instead.  Accordingly, defense counsel respectfully request that the Court modify its November 30, 2015 Order to order that the government's 12/7/15 Letter be shared *in camera* with defense counsel, and instruct the government to start the process for security clearance now. In the alternative, given the importance of the issue, we request oral argument as to why such relief should be granted.  All defense counsel are prepared for oral argument at the December 10, 2015, status conference or on any day convenient for the Court and the prosecution.

       We thank the Court for its continued attention to this matter.


                 Respectfully submitted,

                  /s/
                 Sabrina Shroff & Allegra Glashausser
                 Counsel for Jeff Yin

                 Herve Gouraige
                 Sills, Cummins & Gross, LLP
                 Counsel for John Ashe

                 Brian Bieber
                 Hirschhorn & Bieber
                 Counsel for Francis Lorenzo

                 Benjamin Brafman
                 Brafman & Associates, P.C.
                 Counsel for Ng Lap Seng

The Honorable Vernon S. Broderick                          December 1, 2015
United States District Judge                               Page 4

      Re:    **United States v. Ashe, et al**
               **Docket No. 15 Cr. 706 (VSB)**

                                          Christine H. Chung & Isabelle Kirshner
                                          Counsel for Shiwei Yan

cc:    Janice M. Echenberg, Esq.
       Daniel C. Richenthal, Esq.
       Rahul Mukhi, Esq.
       Assistant United States Attorneys
       Southern District of New York
       (via email)